Argued and submitted May 31, remanded for resentencing; otherwise affirmed
June 28, 2000

## STATE OF OREGON,
*Respondent,*

*v.*

## JON LINDEN GRANT,
*Appellant.*

(971139000; CA A102952)

7 P3d 630

Irene B. Taylor, Deputy Public Defender, argued the cause for appellant. With her on the brief was David E. Groom, Public Defender.

Kaye McDonald, Assistant Attorney General, argued the cause for respondent. On the brief were Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Ann Kelley, Assistant Attorney General.

Before Landau, Presiding Judge, and Linder and Brewer, Judges.

LANDAU, P. J.

## LANDAU, P. J.

After a trial on stipulated facts, defendant was found guilty of burglary in the second degree. The trial court imposed a probationary sentence and required defendant to pay restitution of $3,000. Defendant appeals, challenging only the imposition of restitution. We remand for resentencing and otherwise affirm.

Defendant broke into a vacant house and slept there. A neighbor found defendant in the house. As the neighbor called for police assistance, defendant ran away. When the police found him, defendant possessed a new ball of string valued at approximately $8. Defendant admitted that he had broken into the house, that he had stayed inside for several hours, and that he had stolen the ball of string.

Police investigation showed that the house had been vacant for several years, although it was still furnished with a number of items of personal property. The house had been broken into more than once during the three days before defendant was arrested, and property was taken each time.

At the sentencing hearing, the prosecutor introduced evidence showing that the value of the property stolen during the three-day period totaled $11,000. Defendant admitted his responsibility for causing damage to a door and a window when he broke in and for taking the ball of string, but he argued that there is a complete absence of evidence connecting him to the other losses.

The trial court found that defendant had been in the house more than one time and had taken property in addition to the ball of string. But, because of its uncertainty as to how much of the property defendant either had damaged or stolen, the court ordered restitution of only $3,000.

■ On appeal, defendant argues that the trial court erred in attributing to him any losses beyond the damage to the door and the window and the theft of the ball of string. The state argues that "[i]t was a reasonable inference that defendant was responsible for at least some of this damage and loss." We agree with defendant.

■ Under ORS 137.106, the trial court has authority to impose restitution when a defendant "is convicted of criminal activities * * * which have resulted in pecuniary damages." Thus, restitution may be ordered only when pecuniary damages "result[ ]" from defendant's criminal activities:

> "The evidence must show that the pecuniary damage that is the subject of a restitution order was caused by an offense of which the defendant was convicted or to which he or she admitted having committed."

*State v. Sigman*, 141 Or App 479, 483, 919 P2d 45 (1996); *see also State v. Seggerman*, 167 Or App 140, 145, 3 P2d 168 (2000) ("Defendant cannot be required to pay restitution for pecuniary damages arising out of criminal activity for which he was not convicted or which he did not admit having committed.").

In this case, defendant was convicted of a single act of second-degree burglary. The evidence in support of the conviction showed that he broke into the vacant house and stole a ball of string. There is no evidence that defendant broke into the house on any other occasion or that he took any other property or caused any other damage to the house. There is likewise no evidence that the pecuniary damage that can be linked to the crime of conviction—the damage to the door and window and the theft of the ball of string—totaled $3,000.

Remanded for resentencing; otherwise affirmed.